## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 1, 1900.

STATE, EX REL. ELIZABETH ZELLHAHN,
VS.
FEMALE HOUSE OF REFUGE.

*Ruddell & Smith* for petitioner.
*Hinkley & Morris* for respondent.

STOCKBRIDGE, J.—

A writ of habeas corpus has been sued out for the release of Elizabeth Zellhahn from the Female House of Refuge. Apart from the facts of the particular case, there is involved the consideration of the effect of two Acts of the last session of the Legislature, namely, Chapters 306 and 316.

The first of these is an amendment of the habeas corpus statutes in relation to minors, and the second defines the power and authority of juvenile institutions. The suggestion is that the effect of these statutes is to declare a policy on the part of the State that female minors committed to such institutions are liable to detention therein only until they shall have reached the age of eighteen years. In a case such as the present it does not seem necessary to pass upon this point. Elizabeth Zellhahn was committed to the Female House of Refuge when under the age of eighteen until she should arrive at the age of twenty-one, and the commitment, when made, was fully authorized by the law. Even if it be conceded that the Acts mentioned do indicate a policy on the part of the State such as is claimed for them, there is nothing to indicate that they were intended to operate retroactively. In fact, the only deduction which can be legitimately drawn from the Acts themselves is, that they were not so intended to operate, and since retroactive legislation will never be presumed, neither of these Acts can be so construed as to be the basis for the discharge of a female confined in a juvenile institution under a commitment prior to the passage of these Acts, contrary to the terms of her commitment, merely because she has arrived at the age of eighteen years. If, therefore, the present application rested only upon the effect to be given to the Acts of Assembly of 1900, it would be proper to order her remand.

A careful review of the facts, however, impresses me with the belief that looking to the best good of the girl, that will be promoted by her release, and an order will accordingly be signed discharging her from the institution.